JOSEPH TAYLOR, appellant, and PETER S. VANDERHOOF & OTHERS, appellees.

The supplement to the act constituting courts for the trial of small causes, passed 23d of November, 1821, gives to the Court of Common Pleas, on appeal, as full and complete jurisdiction over reports of referees in a justice's court, as they have over like reports, made on rules of reference out of the said Court of Common Pleas. In such cases no rule to show cause is necessary; nor is it necessary to file reasons in such cases, any more than in other cases, unless made so by a pre-existing rule of court; and if an appeal be dismissed, because the appellant has not entered a rule to shew cause, and filed reasons, this court will grant a mandamus to reinstate the appeal.

This was an application for a mandamus to the Common Pleas of the country of Monmouth. The following statement of facts was prepared, and signed by the counsel of the parties. " This appeal coming on to be tried in its turn, it was moved on the part of the appellees, to dismiss the same, because this being an appeal from a judgment rendered on the report of referees, the appellant had not taken a rule in this court to set aside said report, and filed his reasons therefor, pursuant to law and to the practice in cases of reference in other cases out of this court; and the court being of opinion that

Taylor *v.* Vanderhoof.

the same was necessary to be done, ordered the said appeal to be dismissed for that cause; whereupon it was moved, on the part of the appellant, that he be permitted to take the rule and file the reasons *instanter*, upon such terms as the court should see proper to impose, which motion the court refused, and the appeal was dismissed accordingly. It was further insisted that the report should be set aside, before the trial on the merits could be gone into. The appeal papers were returned and filed in the term of January, A. D. 1833, and no rule taken on the part of the appellant to show cause why the report of the referees should not be set aside, or reasons filed."

*Randolph*, for appellant.

*Ryall* and *Dayton*, for appellees.

The opinion of the court was delivered by

HORNBLOWER, C. J. This was an appeal from the judgment of a justice rendered on the report of referees, on a rule of reference entered in a court for the trial of small causes. The appeal and papers were returned and filed in the term of January, 1833. At July term following, when the appeal was called in the order in which it stood upon the list of appeals, the court on the motion of the counsel for the appellees, dismissed the appeal, because the appellant had not entered any rule to shew cause why the report, should not be set aside, and filed reasons in support thereof. The appellant offered to take the rule and file reasons instanter, upon such terms as the court should direct; but this was refused, and the appeal dismissed out of court.

The first section of the act of 17th November, 1820, *Rev. Laws* 796, gives an appeal to the court of Common Pleas from reports of referees and judgments thereon, before justices of the peace; and the second section of a further supplement to the act constituting courts for the trial of small causes, passed 23d November, 1821, (*Pamph. p.* 8) enacts as follows, viz: " The Court of Common Pleas shall have power to inquire into such report of referees and the judgment thereupon, and either to affirm, or set aside the same, for the same causes and upon the same principles, as reports of referees are set aside in such court in other cases; and to award a trial, &c." The

provisions of this section are very plain and unambiguous. They give the Courts of Common Pleas on appeal, as full and complete jurisdiction over reports of referees in a justice's court, as they have over like reports made on rules of reference out of the courts of Common Pleas. If then the appeal was regularly brought and prosecuted, the appellant was entitled to have the judgment of the Court of Common Pleas upon the validity of the report, &c. from which he had appealed.

Instead, however, of proceeding to inquire into the legality of the report, and affirming or setting the same aside for the same causes, and upon the same principles, applicable to other cases, the Court of Common Pleas dismissed the appeal, because the appellant had not entered a rule to shew cause and filed reasons. We do not mean to say that the court may not rightfully turn an appellant out of court for laches, or neglecting to prosecute his appeal in the manner prescribed by the rules of court, or known and established by a settled course of practice. But the court had no written rule applicable to this case ; and no settled course of practice in relation to such appeals is shown or pretended.

Upon looking into the book of rules of that court, it is manifest, they have not prescribed any course of proceeding in a case like this ; their rule contemplates only motions to set aside reports of referees made in that court. It might have been proper or well enough for the appellant in analogy to other cases, upon the coming in of his appeal, to have applied to the court for a rule to shew cause, and to have asked their directions for the course he was to pursue. But in the absence of any pre-existing rule of practice upon the subject, and without prescribing any course for the appellant to pursue, to dismiss his appeal for not doing what the court had not required him, nor the law compelled him to do, was taking him by surprise, and depriving him unlawfully, of his right to be heard on his appeal.

No rule to shew cause was necessary ; the appeal was itself, a sufficient notice to, and call upon the adverse party, to shew cause why the report, &c. should not be set aside. It is the very office and object of the appeal, to reverse and set aside the proceedings appealed from. Nor were any reasons necessary

to be filed in this case, unless made so by a pre-existing rule of court, any more than in other cases of appeal. If the appellant had wanted to take depositions, he must have applied to the court for leave to do so; but he may have intended to rely on matters apparent on the face of the report and proceedings; and he ought to have been heard. We think the cause ought to be re-instated; and the defendant have an opportunity of entering a rule to shew cause and filing reasons, (if the court require the same to be done) and of shewing, if he can, that the report, &c. ought to be set aside.

Let a mandamus issue.